**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PROSSEN AGENCY, LLC, THE WALLING AGENCY, LLC and ALLSTATE INSURANCE COMPANY,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 2:20-cv-01144-CB<br><br>**CLASS ACTION**<br><br>Honorable Cathy Bissoon |

## **JOINT MOTION TO STAY**

Plaintiff Stewart Abramson ("Plaintiff") and Defendants Allstate Insurance Company, The Prossen Agency, LLC, and The Walling Agency, LLC (collectively, "Defendants"), by and through counsel, hereby move to stay this litigation pending the United States Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252 (July 9, 2020), *cert. granted*, scheduled for oral argument on December 8, 2020.

### I.  PRELIMINARY STATEMENT

The Court should stay this case pending the United States Supreme Court's decision in *Facebook*, which bears directly on the automatic telephone dialing system ("ATDS") issue fundamental to this case. Oral argument is scheduled for December 8, 2020, to allow the Supreme Court to address the ATDS definitional question that has led to a growing circuit split as to how narrowly or broadly ATDS should be defined under the Telephone Consumer Protection Act ("TCPA"). Specifically, the Supreme Court is expected to determine whether devices that simply store and automatically dial numbers constitute ATDS or rather whether ATDS is more narrowly defined to only include devices that randomly or sequentially generate numbers. This definitional

1

inquiry is the dispositive issue before the Court in this case as Plaintiff's sole cause of action alleges that he, and other unidentified members of two potential national classes, received phone calls promoting Allstate products or services using an ATDS and/or artificial or prerecorded voice. *See* Compl. ¶¶ 65 (defining proposed classes), 76-79 (Count One: Violation of the TCPA's Automated Calling provisions) (ECF No. 102). Entry of a stay will promote judicial economy and efficiency due to the early procedural posture of the case and the pendency of the Supreme Court's oral argument in *Facebook* scheduled later this year, and therefore the Court should exercise its broad discretion to stay this action.

## II. ARGUMENT

### A. Staying this Case Pending the United States Supreme Court's Ruling in *Facebook v. Duguid* is Agreed and Warranted.

As recognized in this District, the Court should consider the following factors in determining whether to stay litigation:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and whether a trial date has been set.

*Golden Gate Nat'l Senior Care, LLC v. Spoone*, No. 3:17-cv-180, 2018 WL 502734, at *1 (W.D. Pa. Jan. 19, 2018) (holding that in addition to the four factors above, courts may also consider the length of the proposed stay). The power to stay litigation is recognized as part of the "power inherent in every court to control the disposition of the cases on its docket . . . ." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

The *Facebook* case puts squarely before the United States Supreme Court the issue of whether "the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential

number generator.'" Pet. for Writ of Cert. at ii., *Facebook* (U.S. Oct. 17, 2019). The Supreme Court is expected to provide clarity and resolve the growing circuit split surrounding the ATDS statutory definitional question, specifically whether devices that merely store and automatically dial fit within the confines of an ATDS or whether devices must do more by randomly or sequentially generating numbers. Whether Allstate or agent(s) on its behalf called Plaintiff with an ATDS lies at the crux of Plaintiff's case. Therefore the Supreme Court's decision in *Facebook*, by defining what constitutes an ATDS, may simplify this dispositive issue before the Court. Although Plaintiff alleges the use of an artificial or prerecorded voice in conjunction with an ATDS, *Facebook* need not "settle every question of fact and law" in this case in order to justify a stay. *See Landis*, 299 U.S. at 256; *Canady v. Bridgecrest Acceptance Corp.*, 19-cv-04738-PHX-DWL, 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020) (granting stay and citing *Landis* to support stay based on *Facebook* even where plaintiff alleged other non-ATDS issues).

While no court in this District has yet issued an opinion on a motion to stay applying *Facebook*, other courts outside of this District have found that staying TCPA matters is proper pursuant to *Facebook*. *See e.g., Canady*, 2020 WL 5249263, at *4 (acknowledging that stays predicated on *Facebook* are not universal, but finding *Facebook* to have "the potential to significantly narrow the issues," including the defendant's alleged use an ATDS"); *Veytia v. Portfolio Recovery Assocs., LCC*, No. 20-cv-0341-GPC-MSB, 2020 WL 5257881, at *2 (S.D. Cal. Sept. 3, 2020) (finding that *Facebook* "will simplify a critical legal issue and streamline th[e] [c]ourt's consideration" of a TCPA claim based on alleged use of an autodialer or pre-recorded voice); *Seefeldt v. Entm't Consulting Int'l, LLC*, No. 4:19-cv-00188-MTS, 2020 WL 4922371, at *1 (E.D. Mo. Aug. 21, 2020) ("[W]ithout resolution of [*Facebook*], there would exist much more uncertainty about the TCPA at large and, specifically, the viability of plaintiff's claims") (internal

quotations and citation omitted); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, No. 11-mdo-2295 JAH-BGS, 2020 WL 5223545, at *1 (S.D. Cal. July 27, 2020) (finding that *Facebook* will simplify the case and "bears upon the main issue" in a TCPA suit).

Entry of a stay is appropriate in this case because the significant time, expense, and resources required to litigate this case on the merits will be wasted depending on the breadth to which the Supreme Court affords the ATDS issue. The Court may stay this action to avoid such unnecessary expenditures of time and resources. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Other factors also favor a stay. The length of the stay would be neither indefinite nor overly lengthy, and this District has granted stays despite lacking a definite termination date. *See Golden Gate Nat'l Senior Care, LLC*, 2018 WL 502734, at *3 (granting stay despite lack of specific termination date of stay). Argument in *Facebook* will take place on December 8, 2020, so Plaintiff will not be unduly harmed or tactically disadvantaged by a stay of proceedings. *Cf. Stanley v. Capital One Fin. Corp.*, No. 7:19-cv-00337, 2020 WL 104679, at *4 (N.D. Ill. Jan. 8, 2020) (denying stay where certiorari in *Facebook* had not yet been granted but agreeing that "a clear definition of an ATDS may help focus discovery"). Conversely, without a stay, Defendants could be forced to incur significant but ultimately unnecessary litigation and discovery expenses. *See Seefeldt*, 2020 WL 4922371, at *1 (finding stay based on *Facebook* would serve to "avoid exhausting judicial resources . . . and any possible discovery-related matters or summary judgment motions to follow which may prove fruitless") (internal quotations and citation omitted).

An entry of a stay is also appropriate in this case because no discovery has occurred, and the parties jointly agree to the stay. Thus, staying the case at this early juncture in the litigation will result in the maximum benefits to all parties and will not be unduly prejudicial to any party.

Finally, a stay will promote judicial economy and efficiency by reducing the burden of the litigation on the parties and the Court without any unfair prejudice or burden on Plaintiff, particularly due to Plaintiff's consent to the stay. Accordingly, the Court should exercise its broad discretion to manage its docket and should grant a stay of this action pending the Supreme Court's ruling in *Facebook*, as other courts have done.

Date:  October 28, 2020

                    Respectfully submitted,

                    *s/ Kymberly Kochis*
                    Kymberly Kochis (No. 319846)
                    EVERSHEDS SUTHERLAND (US) LLP
                    1114 Avenue of the Americas, 40th Fl.
                    New York, NY 10036-7703
                    Telephone: 212-389-5068
                    Facsimile: 212-389-5099
                    Email: kymberlykochis@eversheds-sutherland.com

                    Lewis S. Wiener (*pro hac vice*)
                    EVERSHEDS SUTHERLAND (US) LLP
                    700 Sixth Street, NW, Suite 700
                    Washington, DC 20001-3980
                    Telephone: 202-383-0140
                    Facsimile: 202-637-3593
                    Email: lewiswiener@eversheds-sutherland.com

                    Francis X. Nolan (*pro hac vice*)
                    EVERSHEDS SUTHERLAND (US) LLP
                    1114 Avenue of the Americas, 40th Fl.
                    New York, NY 10036-7703
                    Telephone: 212-389-5083
                    Facsimile: 212-389-5099
                    Email: franknolan@eversheds-sutherland.com

                    *Attorneys for Allstate Insurance Company*

                    *s/ Jason A. Medure*
                    JASON A. MEDURE, ESQ. (Pa. Bar No. 90976)
                    713 Wilmington Avenue
                    New Castle, PA 16101
                    Telephone: (724) 653-7855

Facsimile: (724) 202-7918
Email: jmedure@medurebonnerlaw.com

*Attorney for The Prossen Agency*

*s/ Mark R. Walling*
Mark R. Walling, Esq. (*pro hac vice*)
NY I.D. No. 1931591
6101 South Park Avenue
Hamburg, New York 14075
(716) 632-2782
mwalling@wallinglaw.com

*Attorney for the Walling Agency*

*s/ Matthew P. McCue*
Matthew P. McCue
Law Office of Matthew P. McCue
1 South Ave.
Natick, MA 01760
(508) 655-1415
mmccue@massattorneys.net

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2020, a true and correct copy of the foregoing JOINT MOTION TO STAY was served via the CM/ECF system, which will send notification to all counsel of record.

*s/ Kymberly Kochis*
Kymberly Kochis
